COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, AtLee and Senior Judge Clements

NANCY LYNN GLOVER

                                                MEMORANDUM OPINION[*]

v.      Record No. 2208-14-2                          PER CURIAM
                                                    APRIL 28, 2015

LOUISA COUNTY DEPARTMENT
 OF HUMAN SERVICES

FROM THE CIRCUIT COURT OF LOUISA COUNTY
Timothy K. Sanner, Judge

(Richard T. Harry, Jr., on briefs), for appellant.

(Michael W.S. Lockaby, County Attorney; Gladys L. Yates,
Assistant County Attorney; John R. Amos, Guardian *ad litem* for the
minor child, on brief), for appellee.

Nancy Lynn Glover (mother) appeals from a November 6, 2014 circuit court order

terminating her residual parental rights to her child pursuant to Code §§ 16.1-283(B) and

16.1-283(C)(2).  On appeal, mother argues the trial court erred by terminating her parental rights

because the evidence failed to establish that (1) the Louisa County Department of Human

Services (the Department) made reasonable and appropriate efforts to help her substantially

remedy the conditions which led to or required continuation of the child's foster care placement,

and (2) it is not reasonably likely that the conditions which resulted in neglect can be

substantially corrected with a reasonable period of time.

Upon reviewing the record and briefs of the parties, we conclude this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767 (2005) (quoting Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)).

The child was born on August 1, 2013. He was premature and born with a birth defect that required the insertion of a tracheotomy tube to assist with his breathing. Doctors also inserted a gastrostomy tube through which the child received nutrients. Before discharging the child, the hospital recommended that mother attend medical training at the hospital in order to learn how to care for her child's extensive medical needs. Mother's attendance was sporadic, and she did not complete the training the hospital recommended.

On September 13, 2013, the Department obtained an emergency removal order based on a finding of neglect. The child was released from the hospital on September 16, 2013 into a foster care placement with a trained respiratory therapist. The Department's initial foster care plan had the goal of return to home. However, on July 2, 2014, the Department filed a petition seeking the termination of mother's parental rights and a change in the foster care plan to the goal of adoption.

The child requires extensive daily medical care, including being fed through the gastrostomy tube four times daily and receiving medication three times daily. His medication amounts need to be monitored and frequently adjusted. The feeding equipment requires daily cleaning. He attends physical therapy twice a week and had five or six medical appointments per month.

A psychological evaluation of mother conducted in March 2014 revealed she has substantial intellectual and psychological limitations which impede her ability to care for her high-needs child. Mother has a substance abuse problem in early remission. She attended recommended meetings and attended required psychological counseling sessions. However, although mother received medical instruction during her visits with her child, the foster care case worker determined mother failed to understand her child's medical and developmental needs and failed to make progress. Specifically, mother was unable to measure correctly the medication doses, had difficulty mixing his formula, and could not accurately explain how to manage his feeding tube.

The trial court concluded mother was unable or unwilling to remedy the conditions which led to the child's placement in foster care and terminated mother's residual parental rights. This appeal followed.

<u>Analysis</u>

I.

When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" <u>Id.</u> at 265-66, 616 S.E.2d at 769 (quoting <u>Fields v. Dinwiddie Cnty. Dep't of Soc. Servs.</u>, 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" <u>Id.</u> at 266, 616 S.E.2d at 769 (quoting <u>Logan</u>, 13 Va. App. at 128, 409 S.E.2d at 463). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" <u>Id.</u> (quoting <u>Farley v. Farley</u>, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

The circuit court terminated mother's parental rights pursuant to Code § 16.1-283(C)(2), which states that a court may terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Mother argues that the trial court erred in finding that the Department met its burden under Code § 16.1-283(C)(2). She contends the Department did not provide sufficient services to her after the child's removal.

The record demonstrates the Department provided mother with weekly sessions with the child that included direct instruction on how to care for him and meet his medical needs. After months of training, mother lacked the ability to monitor his condition properly, putting him at great risk of death.

"'Reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case. Thus, a court must determine what constitutes reasonable and appropriate efforts given the facts before the court." Ferguson v. Stafford Cnty. Dep't of Soc. Servs., 14 Va. App. 333, 338, 417 S.E.2d 1, 4 (1992). Here, the evidence showed the Department offered services in an effort to assist mother. The trial court noted the Department had been making efforts with mother for over a year. The Department also provided housing assistance, helped arrange transportation, provided mental health and substance abuse counseling, and arranged to help mother with the visitations.

After hearing all the evidence and argument, the trial court concluded mother, due to her intellectual and psychological limitations, has been unable to care for her child within a

reasonable amount of time despite the reasonable and appropriate efforts of the Department to help her remedy the situation. The record supports the trial court's conclusions.

II.

Mother also contends the trial court erred in terminating her residual parental rights pursuant to Code § 16.1-283(B). Because we conclude the trial court's decision terminating mother's parental rights was warranted under Code § 16.1-283(C)(2), we need not reach this issue. When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court and, if we so find, need not address the other grounds. See Fields, 46 Va. App. at 8, 614 S.E.2d at 659 (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses need to consider termination under alternative subsections).

Accordingly, the trial court's decision is affirmed. See Rule 5A:27.

Affirmed.